Hon. Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RUBIE'S COSTUME COMPANY, INC.,
a New York corporation,

               Plaintiff,

     v.

ZENG WEI YI; HAIYAN ZHOU; XIAN
SONG; GENMAO HUANG;
HUANHUAN CHEN; TRUONG LE;
SUN YA; GUO GENG LIN;
GUANGZHOU CHANNEL
INFLATABLE CO., LTD.; JUN WU
WANG; TOM CHIU; JIAN HE
HUANG; and JOHN DOES 1-14,
currently unknown individuals and
entities,

               Defendants.

No. 2:18-cv-01532-RAJ

**RUBIE'S COSTUME COMPANY'S MOTION FOR ALTERNATIVE SERVICE PURSUANT TO FED. R. CIV. P. 4(f)(3) AND FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Note on Motion Calendar:
**June 21, 2019**

Arête
LAW GROUP
1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

# I.       INTRODUCTION

This action, along with two related cases, arises from widespread copyright infringement of one of Plaintiff Rubie's Costume Company's ("Rubie's") most popular products—a highly recognizable and very popular full-body Inflatable T-Rex Costume. That T-Rex Costume is protected by a valid United States copyright.  Regrettably the success of Rubie's T-Rex Costume has spawned numerous imitators who have copied the costume and sell their knock-off products throughout the world, including in the United States.  Certain of these counterfeit products present dangers to the public. *See* Aziz Decl. ¶ 5 & Ex. 1.  By this litigation Rubie's seeks to stop the production and distribution of those counterfeit costumes.  The defendants in this litigation have made and/or sold large quantities of these counterfeit products.

Most of the defendants in this case and two related actions appear to be located in China.  As described in greater detail below, many defendants appear to have taken steps to evade detection and enforcement efforts by, for example, providing false physical addresses to Amazon.com.  Although in recent months Rubie's attempted to serve (at considerable expense) defendants who provided addresses in the United States to Amazon.com, all but one of those addresses proved false.  Because reliable addresses have not been identified from Amazon.com, which is the platform through which defendants sold their infringing products, or through return addresses on the packaging in which the products were delivered, it would be difficult, if not impossible, to personally serve defendants through the Hague Service Convention process.  Similarly, serving the defendants via the Hauge Convention at the defendants' purported physical addresses known to Rubie's at this time is not likely to result in actual notice.  Rubie's has, however, identified email addresses the defendants routinely use in connection with their distribution of infringing products and many of the defendants have communicated with Rubie's through those email addresses. Accordingly, service by e-mail and/or electronically through the defendants' storefronts on

RUBIE'S COSTUME COMPANY'S MOTION
FOR ALTERNATIVE SERVICE AND FOR
LEAVE TO FILE SECOND AMENDED COMPLAINT
No. 2:18-cv-01532-RAJ – 1

Arête LAW GROUP
1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

1    Amazon.com would be far more likely to provide defendants with actual notice.  Given

2    China's increasing reluctance to honor Hague Convention service request in a timely

3    fashion (if at all), Fed. R. Civ. P. 4(f)(1) service is impractical.  The Court should therefore

4    exercise its discretion to authorize service under Fed. R. Civ. P. 4(f)(3) and 4(h)(2).

5         Rubie's requests that the Court grant its Motion for Alternative Service under Fed.

6    R. Civ. P. 4(f)(3) and Fed. R. Civ. P. 4(h)(2) to allow Rubie's to serve defendants via e-mail

7    and electronically through their storefronts on Amazon.com.

8         Rubie's also requests that the Court grant it leave to file a Second Amended

9    Complaint under Fed. R. Civ. P. 15(a)(2).  The proposed Second Amended Complaint adds

10   one defendant and drops the as-yet unidentified John Doe Defendants.[1]

## II.    FACTS AND PROCEDURAL HISTORY

12   Rubie's filed this action (the "*Yi* Action") and two related actions—*Rubie's Costume*

13   *Company v. Yiwu Hua Hao Toys Co. Ltd., et al.*, No. 2:18-cv-01530-RAJ (the *Hua Hao*

14   Action) and *Rubie's Costume Company v. Luo Li Jiang, et al.*, No. 2:18-cv-01531-BJR, (the

15   "*Jiang* Action")—on October 18, 2018.  Of the 36 manufacturers and distributors of the

16   infringing costumes named as defendants in the original complaints, 34 were "John Does."  In

17   this matter, all of the manufacturers and distributors of the infringing costumes initially named

18   as defendants were "John Does."

19   After purchasing dozens of infringing T-Rex costumes from various sellers on

20   Amazon.com, Rubie's submitted infringement notices to Amazon.com's Brand Registry

21   program.  Aziz Decl. ¶ 19.  Those notices included requests that the listings of the infringing

22   products be taken down from Amazon.com's website, and that Amazon.com provide seller

23   contact information.  *Id.*  On the date the original complaints in this matter and the two related

---

[1] In accordance with this Court's Standing Order for Civil Cases (Dkt. No. 5), on May 28 and 31, 2019, the undersigned counsel emailed Gary Marshall, counsel for the one served defendant in this action—Truong Le—regarding whether Mr. Le would oppose this motion.  Roller Decl. ¶ 12.  As of the date this Motion was filed, the undersigned counsel had not received a response to these inquiries from Mr. Marshall.  *Id.*

RUBIE'S COSTUME COMPANY'S MOTION
FOR ALTERNATIVE SERVICE AND FOR
LEAVE TO FILE SECOND AMENDED COMPLAINT
No. 2:18-cv-01532-RAJ – 2

matters (the *Hua Hao* Action and the *Jiang* Action) were filed, Rubie's informed an Amazon.com Brand Incident Manager that Rubie's had filed the three actions. *Id.*

Over the next several weeks Rubie's employees had multiple conversations and other communications with an Amazon.com Brand Incident Manager regarding the defendants' identities and contact information. *Id.* ¶ 20. Ultimately Amazon.com provided contact information for all of the defendants in this matter and the two related lawsuits. *Id.* The vast majority of the physical addresses were in China. *Id.* Amazon.com provided fifteen address in the United States for thirteen defendants. *Id.*

After conducting the informal discovery described above, in early January 2019, Rubie's amended its complaints, adding the names Amazon.com had provided that were associated with the Amazon.com seller accounts through which the defendants had distributed infringing T-Rex costumes.[2] After the Court had added the newly named defendants to the cases, Rubie's submitted praecipes for summonses and thereafter obtained issued summonses for the named defendants with purported U.S. addresses.

Because Rubie's had concerns (which have been proven valid) regarding the accuracy of the contact information the defendant distributors of counterfeit costumes had provided to Amazon.com, and also because of the extraordinary difficulty of serving defendants in China through the Hague Convention process described below, Rubie's elected first to attempt to serve the defendants who had provided addresses in the United States to Amazon.com. Roller Decl. ¶ 4. In this case, three defendants had provided four United States addresses to Amazon.com.[3] *Id.* ¶ 3.

---

[2] Rubie's amended its complaints as of right under Fed. R. Civ. P. 15(a)(1)(B) in this action and the *Jiang* Action because no defendants had appeared in those actions. *See* Dkt. No. 8; First Amended Complaint (Dkt. No. 10) in the *Jiang* Action. Rubie's sought this relief in this action by a stipulated motion in the *Hua Hao* Action.

[3] In the *Jiang* Action six defendants provided seven United States addresses to Amazon.com, while in the *Hua Hao* Action, four defendants provided four United States addresses to Amazon.com. Roller Decl. ¶ 3.

RUBIE'S COSTUME COMPANY'S MOTION
FOR ALTERNATIVE SERVICE AND FOR
LEAVE TO FILE SECOND AMENDED COMPLAINT
No. 2:18-cv-01532-RAJ – 3

**Arête**
LAW GROUP

1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

Between late January and late March 2019, the process server service hired by Rubie's counsel attempted to serve summonses and complaints upon the thirteen defendants in this case and the two related cases with purported United States addresses.  Roller Decl. ¶ 4.  In all three actions, only one defendant—Truong Le, a defendant in this case—was successfully served.  *Id.*  All of the other defendants who had provided United States addresses to Amazon.com in all three cases were not present at those addresses.  *Id.* & Ex. 1.  In many instances, the process servers attempted to serve the defendants at those addresses multiple times.  Roller Decl. Ex. 1.  Multiple apparently unrelated businesses were located at those addresses, and managers and other employees at those businesses reported to the process severs that the defendants were unknown.  Roller Decl. ¶ 4 & Ex. 1.  This is likely because the defendants provided false addresses to Amazon.com.

### III.    ARGUMENT

**A.    The Court Should Authorize Alternative Service Under Fed. R. Civ. P. 4(f)(3)**

The vast majority of the defendants in this case appear to reside abroad, and of those virtually all appear to be located in China.  As described above, many of them have taken steps to hide their identities and/or physical locations by providing false addresses to Amazon.com. *See* Roller Decl. ¶ 4.  Additionally, almost all of the infringing costumes purchased from defendants in this matter were shipped from Amazon.com fulfillment centers, so the return addresses on the packaging in which those costumes arrived did not include addresses at which service of process could be attempted.  Aziz Decl. ¶¶ 7-18.

The Federal Rules of Civil Procedure provide that "an individual . . . may be served at a place not within any judicial district of the United States: (1) by any internationally agreed upon means of service that is reasonably calculated to give notice; . . . (3) by other means not prohibited by international agreement, as the court orders."  Fed. R. Civ. P. 4(f); *see also* Fed. R. Civ. P. 4(h) (providing that a foreign corporation must be served in a manner prescribed by Fed. R. Civ. P. 4(f)).  Service under Fed. R. Civ. P. 4(f)(3) must be (1) directed by the Court;



(2) not prohibited by international agreement; and (3) comport with constitutional notions of due process. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014-16 (9th Cir. 2002). A party need not exhaust other methods of service before requesting alternative service; Fed. R. Civ. P. 4(f)(3) is "merely one means among several which enables service of process on an international defendant." *Id.* at 1015. "[C]ourt-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2) . . . [S]ervice of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.'" *Id.* Authorizing alternative service is a matter within the Court's sound discretion. *Id.* at 1016.

### 1. Electronic Service on Defendants is Not Prohibited by International Agreement

#### a. The Hague Convention Does not Apply When the Defendant's Address is not Known

The Hague Convention does "not apply where the address of the person to be served with the document is not known." Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, art. 1 (attached as Ex. 2 to the Roller Decl.). Because virtually all of the U.S. addresses for the defendants provided by Amazon.com were false, it is likely that other addresses the defendants have provided to Amazon.com are also false. But even if they are not, the Hague Convention does not prohibit electronic service for the reasons set forth below. *See* Section III.A.1.b, *infra*.

#### b. The Hague Convention Does not Prohibit Electronic Service

The Hague Convention (to which the United States and China are signatories) does not prohibit service by electronic means. *Fourte Int'l Ltd. BVI v. Pin Shine Indus. Co.*, No. 18-cv-00297-BAS-BGS, 2019 WL 246562, at *2-*3 (S.D. Cal., Jan. 17, 2019) (finding that service by email was not prohibited by the Hague Convention and granting motion for alternative service via email); *Toyo Tire & Rubber Co. v. CIA Wheel Grp.*, No. SA CV 15-02246-DOC (DFMx), 2016 WL 1251008, at *3 (C.D. Cal., March 25, 2016) (same); *Liberty Media Holdings, LLC v. March*, No. 10CV1809 WQH BLM, 2011 WL 197838, at *2 (S.D. Cal., Jan.

RUBIE'S COSTUME COMPANY'S MOTION
FOR ALTERNATIVE SERVICE AND FOR
LEAVE TO FILE SECOND AMENDED COMPLAINT
No. 2:18-cv-01532-RAJ – 5

Arête
LAW GROUP

1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

20, 2011) (same); *Williams-Sonoma, Inc. v. Friendfinder, Inc.*, No. C 06-06572 JSW, 2007 WL 1140639, at *2 (N.D. Cal., Apr. 17, 2017) (same).  Although courts have reached different conclusions as to whether email is a "postal channel" under Article 10 of the Hague Convention, the majority of courts that have considered the issue have found it is not, and that a country's objection to Article 10 does not prohibit service via email.  *See, e.g.*, *Microsoft Corp. v. Goldah.com Network Tech. Co., Ltd.*, No. 17-CV-02896-LHK, 2017 WL 4536417, at *4 (N.D. Cal., Oct. 11, 2017); *Microsoft Corp. v. Gameest Int'l Network Sales Co.*, No. 17-CV-02883-LHK, 2017 WL 4517103, at *2-*3 (authorizing service by email despite China's objection to Article 10); *Fourte Int'l*, 2019 WL 246562, at *2-*3 (rejecting argument that China's objection to service by postal channel precluded electronic service); *Williams-Sonoma*, 2007 WL 1140639, at *2 (distinguishing email service from postal mail and concluding that service by email to parties located in countries that have objected to Article 10 was permissible); *but see Reming v. Holland Am. Line Inc.*, No. C11-1609RSL, 2014 WL 801301, at *2 (W.D. Wash., Feb. 28, 2014) (Mexico's objection to Article 10 precluded alternative service via email or international mail).

Despite China's objections to Article 10, multiple courts in the Ninth Circuit have authorized service via email in infringement cases, including in cases involving defendants who appeared to be based in China.[4]  *See, e.g.*, *MultiFab, Inc. v. ArlanaGreen.com*, No. 2:15-CV-0066-SMJ, 2015 WL 12880504, at *3-*4 (E.D. Wash., Mar. 13, 2015) (allowing service via email on defendant located outside the United States); *Juicero, Inc. v. Itaste Co.*, No. 17-cv-01921-BLF, 2017 WL 3996196, at *3 (N.D. Cal., June 5, 2017) (authorizing email service on Chinese defendants in infringement case); *Chanel, Inc. v. Lin*, No. C-09-04996 JCS, 2010

---

[4] Multiple Judges in this District have authorized such service in similar circumstances. *See, e.g.*, Order Granting Plaintiff Amazon.com, Inc.'s Motion for Authorization for Electronic Service of Process (Dkt. No. 17) in *Amazon.com, Inc. v. Huang Tengwei, et al.*, No. 2:18-cv-01399-RSM (W.D. Wash., March 14, 2019); Order Granting Plaintiff's Motion for Alternative Service Pursuant to Fed. R. Civ. P. 4(f)(3) (Dkt. No. 21) in *Philips Oral Healthcare, LLC v. Shenzhen Sincere Mold Technology Co., Ltd., et al.*, No. 2:18-cv-01032-TSZ (W.D. Wash., Oct. 11, 2018).

RUBIE'S COSTUME COMPANY'S MOTION
FOR ALTERNATIVE SERVICE AND FOR
LEAVE TO FILE SECOND AMENDED COMPLAINT
No. 2:18-cv-01532-RAJ – 6



Arête LAW GROUP
1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

WL 2557503, at *3 n.3 (N.D. Cal., May 7, 2010), *report and recommendation adopted*, No. C-09-04996 SI, 2010 WL 2557561 (N.D. Cal., June 21, 2010) (authorizing alternative service of process on Chinese defendants via email pursuant to Fed. R. Civ. P. 4(f)(3) in trademark action); *Gucci Am., Inc. v. Wang Huowing*, No. C-09-05969 JCS, 2011 WL 31191, at *3 (N.D. Cal., Jan. 3, 2011), *report and recommendation adopted*, No. C-09-05969 CRB, 2011 WL 30972 (N.D. Cal., Jan. 5, 2011) (same); *Magpul Indus. Corp. v. Zejun*, No. C 14-01556 JSW, 2014 WL 7213344, at *2 (N.D. Cal., Dec. 16, 2014) (complaint served on Chinese counterfeiting defendant via email).

Electronic service via storefront on an e-commerce website, similar to email, is not prohibited. *See, e.g.*, *Keck v. Alibaba.com, Inc.*, No. 17-cv-05672-BLF, 2018 WL 3632160, at *3-*4 (N.D. Cal., July 31, 2018) (authorizing service of process through AliExpress.com online messaging system); *Juicero, Inc.*, 2017 WL 3996196, at *3 (authorizing service through Facebook account because it was "not among the means listed in Article 10 and the Court is unaware of any international agreement by which China has objected to service of process through Facebook"). As with Facebook and AliExpress, electronic service via an Amazon.com storefront is not among the means listed in Article 10 to which China has objected. *See* Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, art. 10 (attached as Ex. 2 to the Roller Decl.). Additionally, Rubie's is not aware of any international agreement by which China has objected to service of process through electronic storefronts on e-commerce sites such as Amazon.com. As such, it is a permissible form of service under Fed. R. Civ. P. 4(f)(3).

**2. Electronic Service is Reasonably Calculated to Give Notice and Satisfies Due Process**

Due process requires that service of process be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339

RUBIE'S COSTUME COMPANY'S MOTION
FOR ALTERNATIVE SERVICE AND FOR
LEAVE TO FILE SECOND AMENDED COMPLAINT
No. 2:18-cv-01532-RAJ – 7

Arête
LAW GROUP
1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

U.S. 306, 314 (1950).  In similar cases, courts have found that email service is "constitutionally acceptable" to satisfy due process.  *Rio Props.*, 284 F.3d at 1016-17.  Indeed, electronic service is particularly appropriate for parties who conduct their business over the Internet.  *Id.* at 1017-18 (service by email on defendant who conducted business over the Internet and used email regularly was "the method of service most likely to reach" the defendant); *Williams-Sonoma*, 2007 WL 1140639, at *2 (service via email accounts that "have been effective means of communicating with the defendants" provides "adequate notice of this action and an opportunity to be heard").  Courts have also authorized alternative service via email where online and email communications were essential components of the defendant's business.  *See, e.g.*, *Ryan v. Brunswick Corp.*, 02-CV-0133E(F), 2002 WL 1628933, at *2-*3 (W.D.N.Y., May 31, 2002) (authorizing service via email on defendant whose website directed customers to communicate with it via email "[i]nasumuch as [defendant] conducts its business through these means of communication, such are reasonable calculated to apprize [defendant] of the pendency of this action and afford it an opportunity to respond") (citing *Rio Props.*, 284 F.3d at 1016-17); *Keck*, 2018 WL 3632160, at *3 (service via AliExpress.com online messaging system is a "reasonably calculated method that provides notice to" defendants conducting business on the platform, "allows an opportunity for them to respond" and "'comport[s] with constitutional notions of due process'" (quoting *Rio Props.*, 284 F.3d at 1016)).  Indeed, when email is the only reliable means of contact, courts in the Ninth Circuit recognize that electronic service not only comports with due process requirements, but is actually the method of service most likely to reach the defendant.  *See, e.g.*, *Keck*, 2018 WL 3632160, at *2; *Bright Sols. for Dyslexia, Inc. v. Lee*, No. 15-cv-01618-JSC, 2017 WL 10398818, at *7 (N.D. Cal., Dec. 20, 2017), *report and recommendation adopted*, 2018 WL 4927702 (N.D. Cal., Mar. 26, 2018) ("Because email has been zealously embraced within the business community, email service is proper when a company has structured its

RUBIE'S COSTUME COMPANY'S MOTION
FOR ALTERNATIVE SERVICE AND FOR
LEAVE TO FILE SECOND AMENDED COMPLAINT
No. 2:18-cv-01532-RAJ – 8

Arête
LAW GROUP

1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

business such that it could only be contacted via its email address, and email is the method of communication the company utilizes and prefers.").

In this case service via email and electronically through defendants' Amazon.com storefronts will be equally effective.  Defendants use electronic means, such as Amazon.com storefronts and email accounts, to correspond with their customers.  *See* Aziz Decl. ¶¶ 7-18.  Defendants have established online storefronts and email as their regular, preferred methods of contact essential to their online business structure.  *Id.*  Indeed, after the filing this complaint and Rubie's request that Amazon.com take down defendants' listings of infringing products, many of the defendants have corresponded with Rubie's via email.  *See* Aziz Decl. ¶¶ 11, 13, 16.  Alternative service via email and/or their Amazon.com storefronts is therefore the most effective and reliable way for Rubie's adequately to serve defendants and is "reasonably calculated" to give them each adequate notice and ample opportunity to respond.  *See Williams-Sonoma*, 2007 WL 1140639, at *2; *Keck*, 2018 WL 3632160, at *3; Aziz Decl. ¶¶ 11, 13, 16 (defendant-initiated correspondence with Rubie's).  Rubie's has every reason to believe that these email addresses and Amazon.com storefronts are regularly monitored.  Accordingly, email service and service via Amazon.com storefront comports with due process and is the most reliable way of notifying the defendants of this action.  *See Fourte Int'l*, 2019 WL 246562, at *2-*3; *Facebook, Inc. v. Banana Ads, LLC*, No. C-11-3619 YGR, 2012 WL 1038752, at *2 (N.D. Cal., March 27, 2012).

### 3. China's Reluctance to Honor Hauge Convention Service and the Need to Curtail Infringing Conduct Support Alternative Service

The advisory committee notes to Fed. R. Civ. P. 4(f) provide guidance for the Court's exercise of its discretion to authorize alternative service under Fed. R. Civ. P. 4(f)(3).  That guidance supports approving Rubie's request.  First, in instances where a "signatory state [is] dilatory or refuse[s] to cooperate for substantive reasons . . . resort may be had to" Fed. R. Civ.

RUBIE'S COSTUME COMPANY'S MOTION
FOR ALTERNATIVE SERVICE AND FOR
LEAVE TO FILE SECOND AMENDED COMPLAINT
No. 2:18-cv-01532-RAJ – 9

Arête
LAW GROUP

1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

P. 4(f)(3).  Fed. R. Civ. P. 4(f), advisory committee's note to 1993 amendment.  China's

reluctance timely to honor Hague Convention service requests from the United States has

grown.  *See, e.g.*, Roller Decl. Ex. 3 ("[I]f you do not have a Chinese attorney constantly

calling all the right people in China all the time to check on the progress of your Hague

service, it probably will never happen.").  The Chinese Central Authority takes one to two

years to respond to Hague service requests, if it ever responds at all.  Roller Decl. Ex. 4 at 2

("Hague Convention member countries have noticed that the time required to effect service of

process in China has substantially increased in the last six to nine months and currently is in

excess of a year.  In addition, it is becoming impossible to obtain any update from the [Central

Authority] beyond 'your Request is in process.'"); *see also* Roller Decl. Ex. 5 at 1 ("[T]here

are rumblings in the transnational litigation community that [the Chinese Central Authority

has] stopped executing U.S. requests altogether.").  Indeed, within the last year the Chinese

Central Authority moved and did not publicize that fact until months later.  *Id.* at 2.  China's

long delays and increasing reluctance to honor Hague Convention service requests (if at all) is

precisely the scenario in which alternative service under Fed. R. Civ. P. 4(f)(3) is appropriate.

**B.     The Court Should Grant Rubie's Leave to File a Second Amended Complaint**

Rubie's additionally seeks leave to file a Second Amended Complaint that adds a party

and drops the as-yet unidentified John Doe Defendants.

**1.     Leave to Amend is Granted with Extreme Liberality**

"The court should freely give leave [to amend] when justice so requires."  Fed. R. Civ.

P. 15(a).  This rule favors amendments and courts are directed to apply it with "extreme

liberality."  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).  This rule

"was designed to facilitate the amendment of pleadings except where justice to the opposing

party would result."  *United States v. Houghman*, 364 U.S. 310, 316 (1960).

When determining whether leave to amend should be granted, courts in the Ninth

Circuit consider four factors: (1) bad faith, (2) undue delay, (3) prejudice to the opposing

Arête
LAW GROUP

1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

party, and (4) futility of amendment.  *DCD Programs*, 833 F.2d at 186.  The factors, however, do not have equal weight: "delay, by itself, is insufficient to justify denial of leave to amend," *id.*, and prejudice to the opposing party "carries the greatest weight."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  "Absent prejudice, or a strong showing on any of the remaining . . . factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend."  *Id.* (emphasis removed).

### 2.    Leave to Amend Should be Granted Here

#### a.    Amendment Will not Cause Prejudice

Prejudice is the most important factor on a motion to amend.  *Eminence Capital*, 316 F.3d at 1052.  Defendants will suffer no undue prejudice here.  The only proposed substantive changes from the First Amended Complaint are (1) to name a party previously identified by its Amazon.com storefront name, "Bodysocks Fancy Dress," (2) to drop the as-yet unidentified John Does, and (3) identify the suspected place of residence or business for three defendants.  *See* Proposed Second Amended Complaint (attached hereto as Exhibit A).[5]  No defendant will suffer any undue prejudice as a result of these proposed amendments.

#### b.    Amendment is not Futile

The standard for denying amendment is high.  A court should deny a proposed amendment for futility only where it "appears beyond doubt" that the proposed amendment will fail.  *DCD Programs*, 833 F.2d at 188.  The proposed amendments do not substantively change the case and cannot be characterized as futile.

#### c.    The Amendment is not Made in Bad Faith

Whether a proposed amendment is made in bad faith goes to the amending party's motives.  *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984).  Where a party's motive for seeking leave to amend is improper, such as to destroy diversity jurisdiction, the "bad faith"

---

[5] Consistent with the Local Rules, the Proposed Second Amended Complaint attached as Exhibit A "indicate[s] . . . how it differs from the pleading that it amends" by redlining.  LCR 15.

RUBIE'S COSTUME COMPANY'S MOTION
FOR ALTERNATIVE SERVICE AND FOR
LEAVE TO FILE SECOND AMENDED COMPLAINT
No. 2:18-cv-01532-RAJ – 11

Arête
LAW GROUP

1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

factor may weigh against permitting amendment.  *See Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987).  Here the purpose of the amendment is to provide the true name of a party that was added after the original complaint was filed and to drop the as-yet unidentified John Does consistent with this Court's Standing Order for Civil Cases.  No bad faith exists.

### d.      Amendment has not been Unduly Delayed

As described in the Roller Declaration and discussed *supra*, after amending the original complaint to name John Doe Defendants based upon information provided by Amazon.com, over the course of several month Rubie's attempted to serve those defendants for whom Amazon.com had provided a United States address.  With the exception of defendant Troung Le in this matter, those efforts were unsuccessful.  Thereafter Rubie's elected to seek to serve the remaining defendants under Fed. R. Civ. P. 4(f)(3), and in connection with those efforts Rubie's counsel discovered he had failed to identify a defendant who had been determined to infringe Rubie's copyright after the filing of the original complaint.[6]  Although two months have passed since Rubie's determined that its efforts to serve those defendants with the First Amended Complaint were unsuccessful, this delay is not undue.  *See, e.g.*, *Howey v. United States*, 481 F.2d 1187, 1190-91 (9th Cir. 1973) (five-year delay by itself is insufficient to deny amendment without affirmative showing of prejudice or bad faith).

### IV.      CONCLUSION

For the foregoing reasons, Rubie's requests that the Court permit it to file its Second Amended Complaint.  Rubie's further requests that the Court enter an order allowing it to serve Defendants with the summons and Second Amended Complaint via email and/or electronically through their storefronts on Amazon.com.  A proposed order is submitted herewith.

---

[6] Rubie's test purchased infringing T-Rex costumes from "Bodysocks Fancy Dress" (identified in the Proposed Second Amended Complaint as JLI Trading Limited) on October 23, 2019.  Aziz Decl. ¶ 7.  The original complaint in this action had been filed on October 18, 2019.  *See* Complaint (Dkt. No. 1).

RUBIE'S COSTUME COMPANY'S MOTION
FOR ALTERNATIVE SERVICE AND FOR
LEAVE TO FILE SECOND AMENDED COMPLAINT
No. 2:18-cv-01532-RAJ – 12

Arête
LAW GROUP

1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

1

2    DATED: June 4, 2019

3                                                **ARETE LAW GROUP PLLC**

4                                                By: */s/ Jeremy E. Roller*

5                                                    Jeremy E. Roller, WSBA No. 32021
                                                 1218 Third Avenue, Suite 2100
6                                                Seattle, WA 98101
                                                 Phone: (206) 428-3250
7                                                Fax:    (206) 428-3251
                                                 Email: jroller@aretelaw.com
8

9                                                *Attorneys for Plaintiff Rubie's Costume*
                                                 *Company, Inc.*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Arête
LAW GROUP

1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Gary K. Marshall, WSBA No. 15344
LAW OFFICES OF GARY MARSHALL
9706 4th Ave. NE, Suite 3200
Seattle, WA  98115
Phone: (206) 524-0655
Fax: (206) 524-1302
gmarshall@marshallcomputer.com

*Attorneys for Defendant Truong Le*

DATED:  June 4, 2019, at Seattle, Washington.

*s/ Annabel Barnes*
Annabel Barnes, Legal Assistant

RUBIE'S COSTUME COMPANY'S MOTION
FOR ALTERNATIVE SERVICE AND FOR
LEAVE TO FILE SECOND AMENDED COMPLAINT
No. 2:18-cv-01532-RAJ – 14


Arête LAW GROUP | 1218 THIRD AVENUE SUITE 2100 SEATTLE WA 98101 (206) 428-3250

# EXHIBIT A

Hon. Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RUBIE'S COSTUME COMPANY, INC.,
a New York corporation,

                  Plaintiff,

      v.

ZENG WEI YI; HAIYAN ZHOU; XIAN
SONG; GENMAO HUANG;
HUANHUAN CHEN; TRUONG LE;
SUN YA; GUO GENG LIN;
GUANGZHOU CHANNEL
INFLATABLE CO., LTD.; JUN WU
WANG; TOM CHIU; JIAN HE
HUANG; and JLI TRADING LIMITED,

                  Defendants.

No. 2:18-cv-01532-RAJ

**SECOND AMENDED COMPLAINT**

| Deleted: FIRST |
| --- |

| Deleted: JOHN DOES 1-14, currently unknown individuals and entities… |
| --- |

## I.    INTRODUCTION

1.    From humble roots as a single store in a working-class neighborhood of Queens, New York, the family owned and operated Rubie's Costume Company, Inc. has become the world's largest designer, manufacturer, and distributor of costumes and related products. Among its many successful products, Rubie's Costume Company sells a highly-recognizable and very popular full-body Inflatable T-Rex Costume. Unfortunately, Rubie's Costume Company's success has spawned imitators seeking to profit from Rubie's Costume Company's innovation and world-famous products. One imitator is the currently unknown

| Deleted: company |
| --- |

| Deleted: FIRST |
| --- |

Arête
LAW GROUP

1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

manufacturer ("Manufacturer") that manufactures and sells an imitation T-Rex costume that infringes Rubie's Costume Company's copyright in the 2-D artwork and 3-D design of the Inflatable T-Rex Costume. Manufacturer distributes its infringing T-Rex costumes to numerous companies and individuals which resell the costumes in the United States through e-commerce channels. Rubie's Costume Company brings this lawsuit to stop Manufacturer's and its downstream resellers' infringement, and hold them accountable for their unlawful conduct.

## II.    PARTIES

2.      Rubie's Costume Company, Inc. is a New York corporation with its principal place of business in New York. Rubie's Costume Company, along with its subsidiaries and affiliates, designs and manufactures costumes and accessories. Rubie's Costume Company distributes and sells its renowned costumes throughout the world, including in the United States and to customers that sell through Amazon.com.

3.      On information and belief, Defendant Zeng Wei Yi operates the seller account named "yunzhenbusiness" (AIIYZ0EMKSUZL) on Amazon.com. On information and belief, Defendant Zeng Wei Yi resides or does business in China.

4.      On information and belief, Defendant Haiyan Zhou operated the seller account named "jurassiccos" (A3J594AMC3PUTG) on Amazon.com. At some point after this lawsuit was filed, Defendant Haiyan Zhou renamed that seller account "Kooy," which is the name by which many sellers of the infringing Inflatable T-Rex Costumes at issue here refer to the maker or model of those infringing Inflatable T-Rex Costumes On information and belief, Defendant Haiyan Zhou resides or does business in China.

5.      On information and belief, Defendant Xian Song operates the seller account named "Tricandide" (A3G9TFCKV2JP79) on Amazon.com. On information and belief, Defendant Xian Song resides or does business in China.

SECOND AMENDED COMPLAINT
No. 2:18-cv-01532-RAJ – Page 2

Arête
LAW GROUP

1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

---

**Margin annotations (Deleted):**

- **Deleted:** John Doe
- **Deleted:** or "John Doe 1"
- **Deleted:** John Doe
- **Deleted:** John Doe
- **Deleted:** <#>The true identity Defendant John Doe Manufacturer (John Doe 1) is not presently known to Rubie's Costume Company, and therefore has been named as a "John Does" defendant. On information and belief, the John Doe Manufacturer manufactures and sells T-Rex costumes that infringe Rubie's Costume Company's copyright in the Inflatable T-Rex Costume and distributes them in the United States (and elsewhere) through numerous channels. ¶
- **Deleted:** s
- **Deleted:** FIRST

6.     On information and belief, Defendant Genmao Huang operates the seller account named "JANKIA" (A1LN577ONP7HFV) on Amazon.com.  On information and belief, Defendant Genmao Huang resides or does business in China.

**Deleted:** San Leandro, California, and/or

7.     On information and belief, Defendant Huanhuan Chen operates the seller account named "queennshine" (A2SYI3RBK9039D) on Amazon.com.  On information and belief, Defendant Huanhuan Chen resides or does business in China.

8.     On information and belief, Defendant Truong Le operates the seller account named "FoxSummers81" (A51OVMQOSFSSU) on Amazon.com.  On information and belief, Defendant Truong Le resides or does business in El Monte, California, and/or Tustin, California.

9.     On information and belief, Defendant Sun Ya operates the seller account named "JF Deco" (A6AHSU1WR77PY) on Amazon.com.  On information and belief, Defendant Sun Ya resides or does business in China.

10.     On information and belief, Defendant Guo Geng Lin operates the seller account named "BIGPETS" (A2F3K42PB245UF) on Amazon.com.  On information and belief, Defendant Guo Geng Lin resides or does business in China.

11.     On information and belief, Defendants Guangzhou Channel Inflatable Co., Ltd. and Jun Wu Wang operate the seller account named "BIGJOYS" (A36BMKDQIXQEPJ) on Amazon.com.  On information and belief, Defendants Guangzhou Channel Inflatable Co., Ltd. and Jun Wu Wang reside or do business in China.

12.     On information and belief, Defendant Tom Chiu operates the seller account named "ILISHOP" (A2WW84MT1ZRL5L) on Amazon.com.  On information and belief, Defendant Tom Chiu resides or does business in China.

13.     On information and belief, Defendant Jian He Huang operates the seller account named "Tingzun" (A1A1N2RZ3KOKXM) on Amazon.com.  On information and belief, Defendant Jian He Huang resides or does business in China.

**Deleted:** Breinigsville, Pennsylvania

**Deleted:** FIRST

Arête
LAW GROUP

1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

14.     On information and belief, Defendant JLI Trading Limited operates the seller account named "Bodysocks Fancy Dress" (A1Q7KJLMWGBUAH) on Amazon.com.  On information and belief, Defendant JLI Trading Limited is domiciled or does business in Great Britain.

### III.     JURISDICTION AND VENUE

15.     The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Rubie's Costume Company's claim arises under the Copyright Act (17 U.S.C. §§ 101 et seq.).

16.     The Court has personal jurisdiction over Defendants because they transacted business and committed tortious acts within and directed to this District.  On information and belief, each of the Defendants contracted with a Washington-based company for the sale of the infringing products at issue in this case, and performed under that contract.  The numerous sales of the infringing products at issue in this case arise directly from Defendants' business with that Washington-based company.   On information and belief, Defendants sold the infringing products at issue in this case to consumers in Washington State.

17.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in the Western District of Washington, and because Defendants are subject to personal jurisdiction in this judicial district.

18.     Pursuant to Local Civil Rule 3(e)(1), intra-district assignment to the Seattle Division is proper because the claims arose in this Division where (a) the injuries giving rise to suit occurred, and (b) Defendants directed their unlawful conduct.

Arête
LAW GROUP

1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

Deleted: s

Deleted: ohn Doe 2 and 3

Deleted: <#>The true identities of the other defendants (John Does 4-14) are not presently known to Rubie's Costume Company, and therefore have been named as "John Does."  On information and belief, John Does 2-14 are individuals and entities who sell John Doe Manufacturer's infringing T-Rex costume in the United States with the defendants listed above through online seller accounts.¶

Deleted: FIRST

## IV.   FACTUAL ALLEGATIONS

**A.   Rubie's Costume Company**

    **1.   The World's Largest Costume Designer and Manufacturer—Family Owned and Operated**

19.   Founded in 1951 by Rubin and Tillie Beige, Rubie's Costume Company first opened as a candy store.  The Beige family operated the store and lived behind it in a working-class neighborhood of Queens, New York.  Among many things, the store sold a variety of holiday masks and other accessories.  Seizing on the popularity of these items, in 1959, the Beige family moved a block away and opened up Rubie's Fun House to focus exclusively on selling holiday and novelty items.

20.   In the early 1970s, one of the founders' sons, Marc Beige, took over the company.  Marc quickly focused Rubie's Costume Company on making safe, high-quality, and iconic costumes for all occasions.  Rubie's Costume Company's focus on delivering world-class costumes to its customers revolutionized the modern costume industry.  Though Rubie's Costume Company is still very much a family owned and operated business headquartered in New York, the company now has offices around the world, employs over 3,000 people and has millions in annual sales.

21.   Today, Rubie's Costume Company designs and manufactures costumes and accessories that people around the world wear and use to celebrate nearly every holiday and special occasion.  In the U.S., Rubie's Costume Company produces costumes for everything from Mardi Gras to Halloween, to Christmas to Easter, and everything in between.

22.   One of the keys to Rubie's Costume Company's success is its ability to design and manufacture original costumes, taking the costume from a concept to a finished product distributed to millions of people around the world.  Rubie's Costume Company spends significant resources to create the infrastructure necessary to create its famous costumes.  Among other things, Rubie's Costume Company and its affiliates employ numerous full-time

SECOND AMENDED COMPLAINT
No. 2:18-cv-01532-RAJ – Page 5

Arête
LAW GROUP

1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

**Deleted:** FIRST

costume designers, and use a number of design professionals to convert its original drawings to three-dimensional costumes.

23.     Rubie's Costume Company also has the largest and most popular portfolio of character licenses in the costume industry.  Rubie's Costume Company devotes substantial resources to maintaining and updating this portfolio to reflect rapidly changing pop-culture and consumer demand.  Rubie's Costume Company manufactures and sells costumes from popular movies, such as Avengers: Infinity War, Aquaman and Star Wars.  It also produces costumes representing some of the most popular characters of all time such as Batman and Spider-Man.

   **2.     Rubie's Costume Company's Fight Against Infringement**

24.     Rubie's Costume Company's popularity and success has led to the copying of its designs and infringement of its intellectual property by numerous companies and individuals around the world, including Defendants, who seek to profit from Rubie's Costume Company's ingenuity and success.

25.     In addition to the irreparable and obvious harm caused to Rubie's Costume Company by these bad actors, the sale of infringing and counterfeit costumes poses significant risks to consumers because infringing items are often unsafe and of inferior quality.  These risks are especially problematic as many of the counterfeit costumes are designed for and used by children.

26.     The sale of infringing costumes—particularly on the internet—also harms the numerous legitimate businesses that purchase genuine costumes directly from Rubie's Costume Company.  The sale of inexpensive, infringing costumes creates an unfair market for Rubie's wholesale customers attempting to sell genuine products.

27.     Rubie's Costume Company takes this problem seriously, and it combats infringers around the globe in order to protect its retail and wholesale customers, as well as its own brand and intellectual property.

SECOND AMENDED COMPLAINT
No. 2:18-cv-01532-RAJ – Page 6

Arête
LAW GROUP
1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

Deleted: FIRST

28.     Among other enforcement techniques, Rubie's Costume Company cooperates with law enforcement in a variety of regions to seize counterfeit or unsafe inventory.  Rubie's Costume Company also brings civil lawsuits, such as this one, against infringers to stop their misuse of Rubie's Costume Company's intellectual property, and their deceit of consumers.

**3.      Rubie's Costume Company's Inflatable T-Rex Costume**

29.     One of Rubie's Costume Company's most iconic products is an Inflatable T-Rex Costume, a picture of which is below:



30.     The Inflatable T-Rex Costume constitutes an original work of authorship and copyrightable subject matter under the laws of the United States.  The Inflatable T-Rex Costume embodies original 2-D artwork, as well as an original 3-D design.

31.     Rubie's Costume Company's Inflatable T-Rex Costume was first published on July 31, 2015.

32.     Rubie's Costume Company has registered its copyright in the Inflatable T-Rex Costume with the United States Copyright Office, which issued Registration Number VA 2-108-559.  Attached as Exhibit A is a copy of the Certificate of Registration for the

Deleted: FIRST

Arête
LAW GROUP

1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

Inflatable T-Rex Costume.  The Certificate of Registration constitutes prima facie evidence of the validity of the copyright and of the facts stated in the certificate pursuant to 17 U.S.C. § 410(c).

33.     Since first publishing the Inflatable T-Rex Costume, Rubie's Costume Company has invested significant resources in advertising and marketing the Inflatable T-Rex Costume, which is sold through a variety of distribution channels throughout the United States (and the world), including online platforms and traditional brick and mortar stores.

34.     Rubie's Costume Company's efforts have been recognized by leading industry organizations.  At the 2018 Toy of the Year Awards (the toy industry's equivalent of the Academy Awards), the Inflatable T-Rex Costume won the Innovative Toy of the Year Award—and was the first costume to ever be nominated and the only costume to ever win the award.  As with an Oscar, this award demonstrates the costume's creativity, execution, popularity and success in the market.

35.     The Inflatable T-Rex Costume has also spawned a number of viral internet videos, which has further increased the popularity of the costume.[1]  For example, numerous viral videos including some viewed *over 100 million times* are present on the "T-Rex Tuesdays" Facebook page, which has over half a million followers.

36.     Rubie's Costume Company also markets the Inflatable T-Rex Costume using the famous Jurassic World name, logos and imagery—all of which Rubie's Costume Company licenses from Universal Studios.  The newest installment in the Jurassic World series of films was released in June 2018, and Rubie's Costume Company anticipates it will create significant interest in the Inflatable T-Rex Costume and further increase the popularity of the costume.

---

[1] A recent news report by Vulture documents the history of Rubie's Costume's Inflatable T-Rex Costume and the immense popularity of the costume.  *See* History of a Meme: The T-Rex Costume, at https://youtu.be/ypwlGj-an2M.

SECOND AMENDED COMPLAINT
No. 2:18-cv-01532-RAJ – Page 8

Arête
LAW GROUP
1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

**Deleted:** there is a YouTube channel called "Trex Tuesdays" that features videos of people in Inflatable T-Rex Costumes performing everyday tasks, and has nearly 15,000 followers…

**Deleted:** Some of the videos from this site have received hundreds of thousands of views each.

**Deleted:** FIRST

**B.** **Defendants' Willful Infringement of Rubie's Costume Company's Inflatable T-Rex Costume**

37.      A currently unknown manufacturer (the "Manufacturer") manufactures, distributes and sells an inflatable T-Rex costume that copies original elements of Rubie's Costume Company's Inflatable T-Rex Costume protected by copyright, and Manufacturer's T-Rex costume is substantially similar to Rubie's Costume Company's Inflatable T-Rex Costume.  Many of the sellers of the infringing Inflatable T-Rex Costumes at issue in this litigation refer to the Manufacturer of those costumes and/or the infringing Inflatable T-Rex Costume models as "Kooy."

38.      Below is an image of Rubie's Costume Company's Inflatable T-Rex Costume and Defendants' infringing costume:

| Rubie's Costume Company's Inflatable T-Rex Costume | Manufacturer's Infringing Inflatable T-Rex Costume |
|---|---|
|  |  |

39.      After Rubie's Costume Company filed its original complaint, Rubie's Costume Company discovered that Manufacturer manufactures, distributes and sells another inflatable T-Rex costume that copies original elements of Rubie's Costume Company's Inflatable T-Rex Costume protected by copyright, and Manufacturer's T-Rex costume is substantially similar to Rubie's Costume Company's Inflatable T-Rex Costume.  That second infringing version of Manufacturer's T-Rex costume (the "Ride-On" Costume) has been modified to make it appear that the wearer is riding on the t-rex.

Arête LAW GROUP   1218 THIRD AVENUE SUITE 2100 SEATTLE WA 98101 (206) 428-3250

Deleted: John Doe M

Deleted: John Doe

Deleted: John Doe

Deleted:  against John Doe Manufacturer and its downstream resellers…

Deleted: John Doe

Deleted: John Doe

Deleted: John Doe

Deleted: FIRST

40.     Below is an image of Rubie's Costume Company's Inflatable T-Rex Costume and Defendants' infringing "Ride-On" costume:

| Rubie's Costume Company's Inflatable T-Rex Costume | Manufacturer's Infringing Inflatable "Ride-On" T-Rex Costume |
|---|---|
|  |  |

**Deleted: John Doe**

41.     Manufacturer's T-Rex costumes copy original graphical and sculptural features from Rubie's Costume Company's Inflatable T-Rex Costume.  These features include, but are not limited to, the exaggerated shape of the body and head of a t-rex and its proportions, the way of depicting the dinosaur's eye and the darkened region surrounding the eye, similar patterns composed of clusters of blocks and grass-like slash marks on the body, and a similar webbed pattern on the dinosaur's torso.

**Deleted: John Doe**

42.     On information and belief, Defendants copied Rubie's Costume Company's Inflatable T-Rex Costume in manufacturing their inflatable T-Rex costumes.  Defendants had access to Rubie's Costume Company's Inflatable T-Rex Costume because (among other things) it has been publicly available since July 31, 2015 through numerous sales channels.  On information and belief, Manufacturer began manufacturing and offering for sale its T-Rex costumes after Rubie's Costume Company's Inflatable T-Rex Costume became publicly available.

**Deleted: John Doe**

43.     On information and belief, Defendant JLI Trading Limited operates the seller account named "Bodysocks Fancy Dress" (A1Q7KJLMWGBUAH) on Amazon.com.

**Deleted: John Doe Defendants 2 and 3**

**Deleted: FIRST**

Arête
LAW GROUP

1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

Through that Amazon seller account, Defendant JLI Trading Limited advertises and sells one or more of Manufacturer's infringing versions of the T-Rex costume.  On October 23, 2018, Rubie's Costume Company test purchased three "Ride-On" T-Rex costumes from JLI Trading Limited's "Bodysocks Fancy Dress" Amazon seller account and confirmed that they were infringing "Ride-On" T-Rex costumes described above.

44.     On information and belief, Defendant Zeng Wei Yi operates the seller account named "yunzhenbusiness" (AIIYZ0EMKSUZL) on Amazon.com.  Through that Amazon seller account, Defendant Zeng Wei Yi advertises and sells one or more of Manufacturer's infringing versions of the T-Rex costume.  On October 3, 2018, Rubie's Costume Company test purchased a T-Rex costume from Defendant Zeng Wei Yi's "yunzhenbusiness" Amazon seller account and has confirmed that it is an infringing T-Rex costume described above.

45.     On information and belief, Defendant Haiyan Zhou operates the seller account named "jurassiccos" (A3J594AMC3PUTG) on Amazon.com.  Through that Amazon seller account, Defendant Haiyan Zhou advertises and sells one or more of Manufacturer's infringing versions of the T-Rex costume.  On October 3, 2018, Rubie's Costume Company test purchased a T-Rex costume from Defendant Haiyan Zhou's "jurassiccos" Amazon seller account and has confirmed that it is an infringing T-Rex costume described above.  At some point after this lawsuit was filed, Defendant Haiyan Zhou renamed that seller account "Kooy," which is the name by which many sellers of the infringing Inflatable T-Rex Costumes at issue here refer to the maker or model of those infringing Inflatable T-Rex Costumes.

46.     On information and belief, Defendant Xian Song operates the seller account named "Tricandide" (A3G9TFCKV2JP79) on Amazon.com.  Through that Amazon seller account, the Defendant Xian Song advertises and sells one or more of Manufacturer's infringing versions of the T-Rex costume.  On October 3, 2018, Rubie's Costume Company

Arête
LAW GROUP
1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

---

**Deleted:** John Doe Defendants 2 and 3

**Deleted:** John Doe

**Deleted:** the

**Deleted:** John Doe Manufacturer

**Deleted:** and Defendant John Doe 4

**Deleted:** and Defendant John Doe 4

**Deleted:** John Doe

**Deleted:** and Defendant John Doe 4's

**Deleted:** John Doe Manufacturer

**Deleted:** and Defendant John Doe 5

**Deleted:** and Defendant John Doe 5

**Deleted:** John Doe

**Deleted:** and Defendant John Doe 5's

**Deleted:** John Doe Manufacturer

**Deleted:** and Defendant John Doe 6

**Deleted:** and Defendant John Doe 6

**Deleted:** John Doe

**Deleted:** FIRST

test purchased a T-Rex costume from Defendant Xian Song's Amazon seller account and has confirmed that it is an infringing T-Rex costume described above.

47.     On information and belief, Defendant Genmao Huang operates the seller account named "JANKIA" (A1LN577ONP7HFV) on Amazon.com.  Through that Amazon seller account, Defendant Genmao Huang advertises and sells one or more of Manufacturer's infringing versions of the T-Rex costume.  On September 28, 2018 and October 3, 2018 Rubie's Costume Company test purchased a total of two T-Rex costumes from Defendant Genmao Huang's "JANKIA" Amazon seller account and has confirmed that both costumes are the infringing T-Rex costumes described above.

48.     On information and belief, Defendant Huanhuan Chen operates the seller account named "queennshine" (A2SYI3RBK9039D) on Amazon.com.  Through that Amazon seller account, Defendant Huanhuan Chen advertises and sells one or more of Manufacturer's infringing versions of the T-Rex costume.  On September 28, 2018, Rubie's Costume Company test purchased a T-Rex costume from Defendant Huanhuan Chen's "queennshine" Amazon seller account and has confirmed that it is an infringing T-Rex costume described above.

49.     On information and belief, Defendant Truong Le operates the seller account named "FoxSummers81" (A51OVMQOSFSSU) on Amazon.com.  Through that Amazon seller account, Defendant Truong Le advertises and sells one or more of Manufacturer's infringing versions of the T-Rex costume.  On September 28, 2018, Rubie's Costume Company test purchased a T-Rex costume from Defendant Truong Le's "FoxSummers81" Amazon seller account and has confirmed that it is an infringing T-Rex costume described above.

50.     On information and belief, Defendant Sun Ya operates the seller account named "JF Deco" (A6AHSU1WR77PY) on Amazon.com.  Through that Amazon seller account, Defendant Sun Ya advertises and sells one or more of Manufacturer's infringing

SECOND AMENDED COMPLAINT
No. 2:18-cv-01532-RAJ – Page 12

Arête LAW GROUP
1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

**Deleted:** and Defendant John Doe 6's "Tricandide"
**Deleted:** John Doe Manufacturer

**Deleted:** and Defendant John Doe 7

**Deleted:** and Defendant John Doe 7
**Deleted:** John Doe

**Deleted:** and Defendant John Doe 7's
**Deleted:** John Doe Manufacturer

**Deleted:** and Defendant John Doe 8

**Deleted:** and Defendant John Doe 8
**Deleted:** John Doe

**Deleted:** and Defendant John Doe 8's
**Deleted:** John Doe Manufacturer

**Deleted:** and Defendant John Doe 9

**Deleted:** and Defendant John Doe 9
**Deleted:** John Doe

**Deleted:** and Defendant John Doe 9's
**Deleted:** John Doe Manufacturer

**Deleted:** and Defendant John Doe 10

**Deleted:** and Defendant John Doe 10
**Deleted:** John Doe
**Deleted:** FIRST

versions of the T-Rex costume.  On September 28, 2018, Rubie's Costume Company test purchased a T-Rex costume from Defendant Sun Ya's "JF Deco" Amazon seller account and has confirmed that it is an infringing T-Rex costume described above.

51.     On information and belief, Defendant Guo Geng Lin operates the seller account named "BIGPETS" (A2F3K42PB245UF) on Amazon.com.  Through that Amazon seller account, Defendant Guo Geng Lin advertises and sells one or more of Manufacturer's infringing versions of the T-Rex costume.  On September 28, 2018, Rubie's Costume Company test purchased a T-Rex costume from Defendant Guo Geng Lin's "BIGPETS" Amazon seller account and has confirmed that it is an infringing T-Rex costume described above.

52.     On information and belief, Defendants Guangzhou Channel Inflatable Co., Ltd. and Jun Wu Wang operate the seller account named "BIGJOYS" (A36BMKDQIXQEPJ) on Amazon.com.  Through that Amazon seller account, Defendants Guangzhou Channel Inflatable Co., Ltd. and Jun Wu Wang advertise and sell one or more of Manufacturer's infringing versions of the T-Rex costume.  On September 28, 2018, Rubie's Costume Company test purchased a T-Rex costume from Defendants Guangzhou Channel Inflatable Co., Ltd. and Jun Wu Wang's "BIGJOYS" Amazon seller account and has confirmed that it is an infringing T-Rex costume described above.

53.     On information and belief, Defendant Tom Chiu operates the seller account named "ILISHOP" (A2WW84MT1ZRL5L) on Amazon.com.  Through that Amazon seller account, the Defendant Tom Chiu advertises and sells one or more of Manufacturer's infringing versions of the T-Rex costume.  On October 3, 2018, Rubie's Costume Company test purchased a T-Rex costume from Defendant Tom Chiu's "ILISHOP" Amazon seller account and has confirmed that it is an infringing T-Rex costume described above.

54.     On information and belief, Defendant Jian He Huang operates the seller account named "Tingzun" (A1A1N2RZ3KOKXM) on Amazon.com.  Through that Amazon

Arête
LAW GROUP
1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

**Deleted:** and Defendant John Doe 10's

**Deleted:** John Doe Manufacturer

**Deleted:** and Defendant John Doe 11

**Deleted:** and Defendant John Doe 11

**Deleted:** John Doe

**Deleted:** and Defendant John Doe 11's

**Deleted:** John Doe Manufacturer

**Deleted:** and Defendant John Doe 12

**Deleted:** and Defendant John Doe 12

**Deleted:** John Doe

**Deleted:** and Defendant John Doe 12's

**Deleted:** John Doe Manufacturer

**Deleted:** and Defendant John Doe 13

**Deleted:** and Defendant John Doe 13

**Deleted:** John Doe

**Deleted:** and Defendant John Doe 13's

**Deleted:** John Doe Manufacturer

**Deleted:** and Defendant John Doe 14

**Deleted:** FIRST

seller account, Defendant Jian He Huang advertises and sells one or more of Manufacturer's infringing versions of the T-Rex costume.  On October 9, 2018, Rubie's Costume Company test purchased a T-Rex costume from Defendant Jian He Huang's "Tingzun" Amazon seller account and has confirmed that it is an infringing T-Rex costume described above.

**V.      CAUSE OF ACTION**

**Copyright Infringement (17 U.S.C. § 501)**

55.    Rubie's Costume Company incorporates by reference the Factual Allegations contained in Sections I–IV as though set forth herein.

56.    The Inflatable T-Rex Costume constitutes an original work of authorship and copyrightable subject matter under the laws of the United States.

57.    Rubie's Costume Company is the sole owner of the copyright in the Inflatable T-Rex Costume, as demonstrated by the attached Certificate of Registration.

58.    On information and belief, Defendants copied, created derivative works of, distributed copies to the public, and/or displayed publicly the Inflatable T-Rex Costume, including the copyrighted original artwork and design of that product, without permission, license, or authorization of Rubie's Costume Company, thereby directly infringing Rubie's Costume Company's exclusive rights under 17 U.S.C. § 106.

59.    The foregoing acts of Defendants constitute infringement of Rubie's Costume Company's exclusive rights, in violation of 17 U.S.C. § 501(a).

60.    Defendants' actions were and are intentional, willful, wanton, and performed in disregard of Rubie's Costume Company's rights.

61.    Each of the Defendants is directly liable for each of their respective acts of infringement because they directly participated in the advertising, marketing, distribution and sale of the infringing products.

62.    Rubie's Costume Company has been and will continue to be damaged, and Defendants have been unjustly enriched, by Defendants' unlawful infringement of Rubie's

Arête LAW GROUP

1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

**Deleted:** and Defendant John Doe Defendant 14

**Deleted:** John Doe

**Deleted:** and Defendant John Doe 14's

**Deleted:** John Doe Manufacturer

**Deleted:** <#>John Doe Manufacturer is jointly and severally liable for all acts of infringement by each of the sellers described in this Complaint because John Doe Manufacturer formed part of the same product supply chain with each seller. ¶

**Deleted:** FIRST

1  Costume Company's copyright in an amount to be proven at trial.  Alternatively, Rubie's
2  Costume Company is entitled to statutory damages under 17 U.S.C. § 504(c) against one or
3  more of the seller-Defendants alleged in this Complaint.

4       63.    Rubie's Costume Company is entitled to injunctive relief pursuant to 17
5  U.S.C. § 502.  Rubie's Costume Company has no adequate remedy at law for Defendants'
6  wrongful conduct because, among other things, (a) Rubie's Costume Company's copyright
7  is unique and valuable property which has no readily determinable market value, (b)
8  Defendants' continued infringement harms Rubie's Costume Company such that Rubie's
9  Costume Company could not be made whole by a monetary award alone, and (c) Defendants'
10  wrongful conduct, and the resulting damage to Rubie's Costume Company, is continuing.

11       64.    Rubie's Costume Company is also entitled to recover its attorneys' fees and
12  costs of suit pursuant to 17 U.S.C. § 505 from one or more of the seller-Defendants alleged
13  in this Complaint.

14          **VI.     PRAYER FOR RELIEF**

15       Wherefore, Rubie's Costume Company respectfully prays for the following relief:

16       A.    That the Court enter judgment in favor of Rubie's Costume Company on all
17  claims;

18       B.    That the Court restrain and enjoin Defendants, their directors, principals,
19  officers, agents, representatives, employees, attorneys, successors and assigns, and all others
20  in active concert or participation with it, from directly or indirectly infringing Rubie's
21  Costume Company's copyright in the Inflatable T-Rex Costume;

22       C.    That the Court enter an order requiring Defendants to provide Rubie's
23  Costume Company a full and complete accounting of all amounts due and owing to Rubie's
24  Costume Company as a result of Defendants' unlawful activities;

25       D.    An order under 17 U.S.C. § 503(b) directing the impoundment or destruction
26  of all copies made or used in violation of the exclusive rights of Rubie's Costume Company,

SECOND AMENDED COMPLAINT
No. 2:18-cv-01532-RAJ – Page 15

Arête
LAW GROUP

1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

**Deleted:** FIRST

and all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies may be reproduced.  Further, Rubie's Costume Company seeks an order impounding records documenting the manufacture, sale, or receipt of things involved in any such violation;

E.    That Defendants be required to pay the actual damages suffered by Rubie's Costume Company as a result of Defendants' infringement and any profits of Defendants that are attributable to the infringement and are not taken into account in computing the actual damages or, alternatively, statutory damages pursuant to 17 U.S.C. § 504(c);

F.    That Defendants be required to pay to Rubie's Costume Company both the costs of this action and the reasonable attorneys' fees incurred by Rubie's Costume Company in prosecuting this action; and

G.    That the Court grant Rubie's Costume Company such other, further, and additional relief as the Court deems just and equitable.

DATED this ____ day of _____, 2019.

Deleted: 8th

Deleted: January

**ARETE LAW GROUP PLLC**

By: *s/ Jeremy E. Roller*
Jeremy E. Roller, WSBA No. 32021
1218 Third Avenue, Suite 2100
Seattle, WA 98101
Telephone: (206) 428-3250
Fax: (206) 428-3251
jroller@aretelaw.com

*Attorneys for Plaintiff Rubie's Costume
Company, Inc.*

Deleted: FIRST

Deleted: 1/8/19

SECOND AMENDED COMPLAINT
No. 2:18-cv-01532-RAJ – Page 16

Arête
LAW GROUP

1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250